IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RODERICK DEWAYNE NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv290-LSC |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate Roderick Dewayne Neal's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. 2.[1] For the reasons that follow, it is the recommendation of the Magistrate Judge that the motion be denied and this case be dismissed with prejudice.

## I. INTRODUCTION

On July 9, 2014, Neal pleaded guilty under a plea agreement to one count of conspiracy to defraud the government, in violation of 18 U.S.C. § 286, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a).[2] After a sentencing hearing on October 28, 2014, the district court sentenced Neal to 51 months in prison, comprising

---

[1] Document numbers ("Doc.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

[2] Neal's convictions arose from his participation in a scheme in which he and his coconspirators used personal identification information stolen from jail inmates to file false tax returns and obtain tax refunds from the IRS.

a 27-month term for the conspiracy count and a 24-month consecutive term for the aggravated-identity-theft count. No direct appeal followed.[3]

On April 29, 2015, Neal filed this § 2255 motion claiming that his trial counsel was ineffective for failing to argue that Application Note 2 to U.S.S.G. § 2B1.6 precluded his two-level sentence enhancement under U.S.S.G. § 2B1.1(b)(2) for the number of victims. Doc. 2 at 1–3.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B. Ineffective Assistance of Counsel

---

[3] The plea agreement contained an appeal and collateral-attack waiver, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct. Doc. 9-2 at 5–6.

2

### 1. *Strickland* Standard

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id.*

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one

of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

## 2. *Neal's Claim*

Neal claims that his counsel was ineffective for failing to argue that Application Note 2 to U.S.S.G. § 2B1.6 precluded his two-level sentence enhancement under U.S.S.G. § 2B1.1(b)(2) for the number of victims.[4] Doc. 2 at 2–3; Doc. 15.

Section 2B1.6 of the Sentencing Guidelines states that if a defendant is convicted of aggravated identity theft under 18 U.S.C. § 1028A, the guideline sentence is the term of imprisonment required by statute. U.S.S.G. § 2B1.6(a). Application Note 2 to § 2B1.6 provides:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). "Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7).

U.S.S.G. § 2B1.6, cmt. n.2.[5]

---

[4] The district court accepted the Probation Office's determination that Neal's criminal conduct involved 10 or more victims (specifically, 46 victims). *See* Doc. 11-1 at 6, & 17. Applying § 2B1.1(b)(2) of the Sentencing Guidelines, the court imposed a two-level enhancement to Neal's offense level. *See* U.S.S.G. § 2B1.1(b)(2)(A) (providing a two-level specific offense characteristic enhancement for certain economic fraud offenses involving 10 or more victims).

[5] "Means of identification" is defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any … (A) name, social security number, [or] date of birth…." 18 U.S.C. § 1028(d)(7)(A).

4

According to Neal, Application Note 2 bars imposing an enhancement for number of victims under U.S.S.G. § 2B1.1(b)(2). However, the Eleventh Circuit, like the other circuits analyzing this issue, has held that Application Note 2 does not bar imposing number-of-victim enhancements under § 2B1.1(b)(2). *United States v. Ford*, 784 F.3d 1386, 1397 (11th Cir. 2015) ("For offenses governed by Section 2B1.1, like mail fraud and false claims, an enhancement is permitted under Section 2B1.1(b)(2) based on the number of victims, even where the indictment also charges aggravated identity theft."); *United States v. Williams*, 605 F. App'x 878, 882 (11th Cir. 2015) ("Section 2B1.6 also does not bar the application of enhancements predicated on the number of Williams's victims, and the amount of loss that Williams intended to cause (internal citations omitted)"). *See, e.g., United States v. Smith*, 751 F.3d 107, 121 (3d Cir. 2014); *United States v. Anderson*, 532 F. App'x 373, 378 (4th Cir. 2013); *United States v. Lyles*, 506 F. App'x 440, 447 (6th Cir. 2012); *United States v. Manatau*, 647 F.3d 1048, 1057 n.4 (10th Cir. 2011).

The Eleventh Circuit has held that Application Note 2 precludes the application of additional enhancements *only* if those enhancements pertain specifically to the "transfer, possession, or use of a means of identification." *See United States v. Cruz*, 713 F.3d 600, 607–08 (11th Cir. 2013) (affirming the application of the device-making-equipment enhancements set forth in U.S.S.G. § 2B1.1(b)(10)(A)(i), which did not concern the use of a means of identification, to the base offense levels associated with § 1028A, since the plain language of Application Note 2 did not bar the application of all "relevant conduct" enhancements); *United States v. Charles*, 757 F.3d 1222, 1227 (11th Cir. 2014) (reversing

the application of a § 2B1.1(b)(11)(B)(i) trafficking-of-an-unauthorized-access-device enhancement to a defendant also convicted under 18 U.S.C. § 1028A).

Here, the § 2B1.1(b)(2) enhancement imposed on Neal for the number of victims did not pertain specifically to the "transfer, possession, or use of a means of identification." Rather, the enhancement was predicated only on the number of victims—not victimization by use of a means of identification. Moreover, the victim enhancement in Neal's case was used to calculate his guidelines regarding the conspiracy count, not the aggravated-identity-theft count. Thus, Application Note 2 does not apply to the victim enhancement in Neal's case. *See, e.g., United States v. Davis*, 586 F. App'x 534, 539 (11th Cir. 2014). Consequently, Neal's trial counsel was not ineffective for failing to argue that Application Note 2 to § 2B1.6 precluded the two-level enhancement for the number of victims because this argument would have been meritless.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before May 16, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of

6

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE